UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                       :
SHAH ALAM,                             :
                                       :
                    Plaintiff,         :   Case No.: 1:24-CV-00849-NRB
                                       :
          v.                           :   **STIPULATED CONFIDENTIALITY**
                                       :   **AGREEMENT AND PROTECTIVE**
FAIRSTEAD MANAGEMENT LLC and           :   **ORDER**
JEFFREY GOLDBERG,                      :
                                       :
                    Defendants.        :
------------------------------------- X

NAOMI REICE BUCHWALD, United States District Judge:

      WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

      WHEREAS, the Parties, through counsel, agree to the following terms; and

      WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

      IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all non- parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to and be protected by the following terms:

      1.      With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" or "Highly Confidential–Attorneys' Eyes Only" (collectively referred to herein as "Protected Material") pursuant to this Order, no person subject to this Order may disclose such Protected Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential any information, document, testimony or thing or portion thereof that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) information that any Party is under a contractual obligation to maintain as confidential;

    (e) any information of a personal or intimate nature regarding any individual; or

    (f) any other category of information the Parties agree is confidential or that is subsequently given confidential status by this Court.

3. The Producing Party may designate as Highly Confidential–Attorneys' Eyes Only any information, document, testimony or thing or portion thereof that it reasonably and in good faith believes consists of confidential information that is of such a private,

sensitive, competitive, or proprietary nature that disclosure to persons other than those identified in paragraph 9 below would reasonably be expected to materially harm or impair the legitimate competitive position or interests of the Producing Party. Such information includes, but is not limited to, trade secrets and personal, customer, and client information. The Producing Party shall affix to all documents the legend "Confidential," or "Highly Confidential–Attorneys' Eyes Only" to each page that contains Protected Material. If a document is produced in native form (e.g., an Excel spreadsheet), the Producing Party shall affix the legend the legend "Confidential," or "Highly Confidential–Attorneys' Eyes Only" to the production file name if it contains Protected Material.

        4.      For testimony given in deposition or in other pretrial or trial proceedings, a Producing Party may specify, at the deposition or up to 30 days after receiving a copy of the transcript, that the entire transcript or portions of the transcript shall be treated as Protected Material either by: (a) indicating on the record during the deposition that a question calls for either "Confidential" or "Highly Confidential–Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential–Attorneys' Eyes Only Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving a copy of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential–Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of a transcript, all Parties will treat the

entire transcript as if it had been designated "Confidential," and to the extent a Producing Party previously indicated that portions of such transcript concern "Highly Confidential–Attorneys' Eyes Only" information such portions will be treated accordingly. After the expiration of that period, the transcript shall be treated only as actually designated.

5. When a Party's or third party's Protected Material is discussed or disclosed during deposition, the Party or third party may exclude any person not authorized under this Order to have access to the Protected Material from the deposition while the Protected Material is disclosed or discussed.

6. If at any time before the trial of this action a Producing Party realizes that it should have designated as Protected Material some Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated Discovery Material as Protected Material.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e) any witness who counsel for a Party in good faith believe may be called to testify at a litigation hearing or deposition with respect to such Confidential material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(h) this Court, including any appellate court, its support personnel, and court reporters.

9. Where a Producing Party has designated Discovery Material as Highly Confidential–Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b) professional jury or trial consultants, professional vendors, the employees and subcontractors of each of the foregoing, and any other providers of litigation support services (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) litigation hearing and deposition witnesses, if furnished, shown, or disclosed during such proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and subject to the conditions contained in paragraph 10 below;

(e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions the Parties conduct in this action;

(g) this Court, including any appellate court, its support personnel, and court reporters; and

(h) any other person agreed to in writing by the Parties.

10. Highly Confidential-Attorneys' Eyes Only Discovery Material may be used at a deposition if the person giving deposition testimony is (i) an individual who has had or who is eligible to have access to the Highly Confidential-Attorneys' Eyes Only Discovery Material by virtue of their past or current employment with the Producing Party, (ii) an individual identified in the Highly Confidential-Attorneys' Eyes Only Discovery Material as its author, its addressee, or any other person identified on the face of the document as having received a copy, or (iii) an individual, although not identified as the author, addressee, or copy recipient of such Discovery Material, who has, in the ordinary course of business, seen such Highly Confidential-Attorneys' Eyes Only Discovery Material. Before using Highly Confidential–Attorneys' Eyes Only Discovery Material at a deposition, the Party shall notify the Producing Party so that the Producing Party can raise any objections to the deposition witness being able to view Highly Confidential–Attorneys' Eyes Only Discovery Material and/or request that the deposition witness and/or court reporter execute the Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

11. Any Party filing documents under seal must comply with the Electronic Case Filing Rules & Instructions of The Southern District of New York and the Court's Individual Practices.

12. Any Party who objects to any designation of Protected Material may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

13. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

14. Recipients of Protected Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. To the extent any non-parties are called upon to produce documents or information in this matter, such non-parties shall have all of the benefits and obligations of the terms and protections of this Order by designating as Protected Material any documents, information, or materials they are producing, or any testimony they are providing, in the manner set forth above.

16. Nothing in this Order will prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17. Each person who has access to Discovery Material designated as Protected Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

19. If a Producing Party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

20. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. After the Parties submit their joint proposed final pretrial order to the Court, the Parties and the Court will confer regarding whether Protected Material is entitled to protections from disclosure at trial.

22. Within 60 days of the final disposition of this action – including all appeals – all recipients of Protected Material must either return it – including all copies thereof – to the Producing Party, or destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED

| **MANDEL BHANDARI LLP** | **HERRICK FEINSTEIN LLP** |
|---|---|
| */s/ Donald Conklin* | */s/ Meaghan Roe* |
| Donald Conklin | John H. Chun |
| 80 Pine Street, 33rd Floor | Meaghan Roe |
| New York, NY 10005 | Two Park Avenue |
| (212) 269-5600 | New York, NY 10016 |
| dc@mandelbhandari.com | (212) 592-1400 |
| *Counsel for Plaintiff* | jchun@herrick.com |
|  | mroe@herrick.com |
|  | *Counsel for Defendants* |

Dated: 9/11/2025

SO ORDERED.

_____
Naomi Reice Buchwald
United States District Judge

Date:     September 17, 2025
          New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
SHAH ALAM,                          :
                                    :
            Plaintiff,              :   Case No.: 1:24-CV-00849-NRB
                                    :
      v.                            :   **NON-DISCLOSURE AGREEMENT**
                                    :
FAIRSTEAD MANAGEMENT LLC and        :
JEFFREY GOLDBERG,                   :
                                    :
            Defendants.             :
------------------------------------X

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential–Attorneys' Eyes Only. I agree that I will not disclose such Confidential/Highly Confidential–Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it, or, with permission of the Producing Party, destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:

Dated: